UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-13 |
| | ) | |
| BARBARA ANN HALL | ) | |

# **O R D E R**

This supervised release revocation matter came before the Court on July 22, 2008, for a hearing in regard to whether or not the defendant has violated the terms of her supervised release. The defendant stipulated that she has violated the terms of her supervised release by the following:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **Special Condition:** The defendant shall reside at midway Rehabilitation Center, Knoxville, Tennessee, for a period of 6 months and abide by the rules of that facility.<br><br>On February 27, 2008, Ms. Hall began her 6-month designation at Midway Rehabilitation Center, Knoxville. On or about May 18, 2008, Ms. Hall was discharged from Midway Rehabilitation's program when she failed to return to Midway on May 18, 2008, after she got off work from Elite Linen. According to Steve McNish, Director of Midway, as of midmorning on May 19, 2008, Midway has had no contact with Ms. Hall. |

Therefore, the Court FINDS that the defendant is guilty of Violation Number 1.

It is undisputed that the defendant's violation guideline range is from three (3) to nine (9) months and that her statutory maximum sentence is twenty-four (24) months. Considering the factors set out in 18 U.S.C. § 3553(a), the Court finds that these factors and any combination of the facts have been taken into account by the guideline range. However, the government and the defendant have agreed that a sentence of twenty-four (24) months is appropriate in this case because of the defendant's need for substance abuse counseling.

Based upon the defendant's failure to comply with the conditions of her supervised release, and based upon her need for intensive drug treatment, the Court finds that neither the interest of society, nor the interest of rehabilitating this defendant dictate a sentence within the suggested guideline range. Therefore, the Court FINDS that a sentence of twenty-four (24) months is "a sentence sufficient but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2). See 18 U.S.C. § 3553(a) .

Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is revoked and she is sentenced to serve a term of twenty-four (24) months of incarceration which will not be followed by any additional term of supervised release.

It is further **ORDERED** that the defendant is **REMANDED** to the

custody of the United States Marshal. It is **RECOMMENDED** that she receive credit for time served from the date of her arrest on June 26, 2008, and that she be designated on an **EXPEDITED BASIS** to the federal facility at Alderson, West Virginia for the service of her sentence. The Court **STRONGLY RECOMMENDS** that the defendant be placed in the 500 hour Bureau of Prisons Intensive Residential Drug Treatment Program.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE